UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DARRYL A. JOHNSON,

                Plaintiff,

-against-

RIKERS ISLAND OBCC, et al.,

                Defendants.

25-CV-2487 (LLS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LOUIS L. STANTON, United States District Judge:

    Plaintiff, who currently is incarcerated at Wallkill Correctional Facility, brings this action *pro se*. Plaintiff asserts claims for the alleged denial of recreation time when he was detained at the Otis Bantum Correctional Center (OBCC) on Rikers Island. Plaintiff asserts that the denial of recreation violated the New York State Constitution. By order dated April 2, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis*, that is, without prepayment of fees.[1]

## STANDARD OF REVIEW

    The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

**BACKGROUND**

The following facts are drawn from the complaint.² While Plaintiff was detained at OBCC, he was denied recreation for eight consecutive days, from March 4, 2025, to March 11, 2025, for "frivolous reasons." (ECF 1 at 4.) Despite assurances from a Captain at OBCC that he would receive recreation the following day, he did not.

Plaintiff seeks monetary damages for each day he was denied recreation. He brings this suit against "Rikers Island OBCC," the City of New York, and John Doe Correction Officers #1-#4. Plaintiff invokes the New York State Constitution as the basis for his claims, and he seeks damages.

**DISCUSSION**

**A.    Defendant "Rikers Island OBCC"**

Plaintiff names as a defendant "Rikers Island OBCC." In federal court, an entity's capacity to be sued is generally determined by the law of the state where the court is located. *See* Fed. R. Civ. P. 17(b)(3); *Edwards v. Arocho*, 125 F.4th 336, 354 (2d Cir. 2024) ("A plaintiff cannot bring a claim against a municipal agency that does not have the capacity to be sued under *its municipal charter*." (emphasis in original)). Under New York law, agencies of the City of New York cannot be sued in the name of the agency, unless state law provides otherwise. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law.").

---

² The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

2

Neither the New York City Department of Correction (DOC) nor the facilities that it operates have the power to sue and be sued in their own names. *See* N.Y. City Charter ch. 25, §§ 621-627 (powers of the DOC does not include power to sue and be sued); *Echevarria v. Dep't of Corr. Servs.*, 48 F. Supp. 2d 388, 391 (S.D.N.Y. 1999) ("[S]uits against the DOC are suits against a non-suable entity and are properly dismissed upon that basis."); *Rivera v. Rikers Island, C 74*, No. 02-CV-1560 (PKC) (FM), 2004 WL 1305851, *1 (S.D.N.Y. May 13, 2004) (dismissing claims against Defendant "Rikers Island, C74" "[b]ecause DOC facilities . . . are . . . not suable entities"). Claims against these entities must instead be brought against the City of New York, which is already a named defendant in this action. Plaintiff's claims against "Rikers Island OBCC" are therefore dismissed because this defendant does not have the capacity to be sued.

**B.        Subject Matter Jurisdiction**

Plaintiff invokes the New York State Constitution as the basis for his claims. However, the subject matter jurisdiction of the federal district courts is limited. A federal district court has jurisdiction only when a "federal question" is presented, 28 U.S.C. § 1331, or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds $75,000, 28 U.S.C. § 1332. "[A]ny party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction." *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative."). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Plaintiff's claims based on the New York State Constitution do not arise under the Court's federal question jurisdiction. Plaintiff's allegations also do not satisfy the Court's

diversity jurisdiction because Plaintiff and some or all defendants are citizens of New York, and the amount in controversy is not satisfied. The Court therefore lacks subject matter jurisdiction of Plaintiff's complaint if his claims arise solely under the laws of the State of New York. Because Plaintiff's claim that he was denied recreation might be construed as a claim, under 42 U.S.C. § 1983, that he was subjected to conditions of confinement that violate the United States Constitution, the Court liberally construes the complaint as also asserting such a claim.

**C.     Denial of Recreation**

A pretrial detainee's claim for deliberate indifference to unconstitutional conditions of confinement arises under the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *See Bell v. Wolfish*, 441 U.S. 520, 536 n.16 (1979); *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017). To state such a claim, a plaintiff must satisfy two elements: (1) an "objective" element, which requires a showing that the challenged conditions are sufficiently serious to pose an unreasonable risk to his health or safety, and (2) a "mental" element, which requires a showing that a correction official acted with at least deliberate indifference to the challenged conditions. *Id.*

For the objective element, a pretrial detainee "must show that the conditions, either alone or in combination, pose an unreasonable risk of serious damage to his health" or safety, which "includes the risk of serious damage to 'physical and mental soundness.'" *Id.* at 30 (citing *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013), and quoting *LaReau v. MacDougall*, 473 F.2d 974, 978 (2d Cir. 1972)). For the subjective element, a pretrial detainee must allege "that the defendant-official acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Id.* at 35. A correction official's negligence is not a proper basis for a

claim of a federal constitutional violation under Section 1983. *See Daniels v. Williams*, 474 U.S. 327, 335-36 (1986).

In considering whether Plaintiff suffered an objectively serious risk of harm, the Court begins with the clearly established proposition that prisoners have a right "to a meaningful opportunity for physical exercise." *McCray v. Lee*, 963 F.3d 110, 120 (2d Cir. 2020) (collecting cases); *Williams v. Greifinger*, 97 F.3d 699, 704 (2d Cir. 1996) ("[S]ome opportunity for exercise must be afforded to prisoners."). To determine whether a prisoner has been denied exercise in violation of the Constitution, courts consider: "(1) the duration of the deprivation; (2) the extent of the deprivation; (3) the availability of other out-of-cell activities; (4) the opportunity for in-cell exercise; and (5) the justification for the deprivation." *Williams v. Goord*, 142 F. Supp. 2d 416, 425 (S.D.N.Y. 2001). "Sporadic infringement of the right to exercise does not rise to the level of a constitutional deprivation." *Patterson v. Ponte*, No. 16-CV-3156 (PAE) (JCF), 2017 WL 1194489, at *5 (S.D.N.Y. Mar. 30, 2017). Instead, "a plaintiff must show that he was denied all meaningful exercise for a substantial period of time." *Williams*, 142 F. Supp. 2d at 425.

Here, Plaintiff alleges that he was denied "recreation" for eight consecutive days. (ECF 1 at 4.) It is unclear from the allegations of the complaint whether Plaintiff had an opportunity for other out-of-cell activities, or whether he was able to perform in-cell exercise. Plaintiff does not explain what justification was offered for denying recreation, though he states that he was denied recreation for what he characterizes as "frivolous reasons." (*Id.*)

Courts have granted summary judgment for defendants where a detainee or convicted prisoner was deprived of exercise for a relatively brief period of time.[3] *See, e.g., Gibson v. City of New York*, No. 96-CV-3409, 1998 WL 146688, at *3 (S.D.N.Y. Mar. 25, 1998) (denying detainee exercise for eight days, two of which were consecutive, in a sixty day period was not sufficiently serious to constitute punishment under the Fourteenth Amendment); *Davidson v. Coughlin,* 968 F. Supp. 121, 131 (S.D.N.Y. 1997) (holding that "plaintiff was denied all outdoor exercise for no longer than fourteen days in a row," and "deprivations of this length do not implicate Eighth Amendment concerns"); *Arce v. Walker*, 907 F. Supp. 658, 662-63 (W.D.N.Y. 1995) (holding that deprivation of out-of-cell exercise for eighteen out of nineteen days was not an "atypical or significant hardship"). Based on the facts alleged, it appears that the denial of recreation for eight consecutive days was, as a matter of law, not an objectively serious risk of harm sufficient to implicate the United States Constitution.

Moreover, even if Plaintiff had stated a claim under Section 1983, as explained below, the facts alleged are insufficient for liability on the part of the named defendants – the City of New York and four John Does.

**D.   City of New York**

When a plaintiff sues a municipality such as the City of New York under Section 1983, it is not enough for the plaintiff to allege that one of its employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 563 U.S. 51, 60 (2011) ("A municipality or other

---

[3] The determination of whether a potential harm is objectively serious "is evaluated the same way under both the Eighth Amendment and Fourteenth Amendment." *Ackridge v. Aramark Corr. Food Servs.*, No. 16-CV-6301 (KMK), 2018 WL 1626175, at *19-20 n.19 (S.D.N.Y. Mar. 30, 2018).

local government may be liable under . . . section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." (quoting *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 692 (1978)). In other words, to state a Section 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs v. Brown,* 520 U.S. 397, 403 (1997).[4]

Here, Plaintiff's allegations do not suggest that the denial of recreation was due to any policy, custom, or practice of the City of New York. Thus, even if Plaintiff had pleaded facts sufficient to allege that the denial of recreation was a violation of his constitutional rights, the allegations against the City of New York are nevertheless insufficient to state a claim.

**E.    John Does**

Plaintiff also fails to state a claim against the individual John Doe defendants. To state a claim under Section 1983, a plaintiff must allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award

---

[4] A plaintiff may satisfy the policy or custom requirement by alleging one of the following: "(1) a formal policy officially endorsed by the municipality; (2) actions taken by government officials responsible for establishing the municipal policies that caused the particular deprivation in question; (3) a practice so consistent and widespread that, although not expressly authorized, constitutes a custom or usage of which a supervising policy-maker must have been aware; or (4) a failure by policymakers to provide adequate training or supervision to subordinates to such an extent that it amounts to deliberate indifference to the rights of the those who come into contact with the municipal employees." *Brandon v. City of New York*, 705 F. Supp. 2d 261, 276-77 (S.D.N.Y. 2010) (citations omitted).

of damages under § 1983." (internal quotation marks omitted)); *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020) ("To hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official.").

Plaintiff does not allege any facts showing how any one of the four John Doe defendants was personally involved in the events underlying his claims. There are no facts about what any of the unidentified defendants did, or failed to do, that violated Plaintiff's rights. Plaintiff's claims against Defendants John Does #1-4 are therefore dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

F.     **Supplemental State Law Claims**

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted).

Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of Plaintiff's state law claims. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir.

8

2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Although it is not clear what additional facts Plaintiff may be able to allege that would allow him to state a claim based on the denial of recreation at OBCC, in an abundance of caution, the Court grants Plaintiff 30 days' leave to amend if he wishes to do so.[5]

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment dismissing Plaintiff's Section 1983 claims for failure to state a claim on which relief can be granted and declining to exercise supplemental jurisdiction of his state law claims.

## CONCLUSION

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed, with 30 days' leave to replead.

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated: November 4, 2025
New York, New York

*Louis L. Stanton*
Louis L. Stanton
U.S.D.J.

---

[5] Plaintiff also has the option of voluntarily withdrawing this matter without prejudice. Fed. R. Civ. P. 41(b).